## Case No. 10,482.

### The OLD CONCORD.

[1 Brown, Adm. 270; 2 Abb. U. S. 20, note.] [1]

District Court, E. D. Michigan. April, 1870.

PRACTICE—RIGHT OF MORTGAGEE TO INTERVENE—REARREST OF VESSEL.

1. A mortgagee of a vessel has a right to intervene in an admiralty suit for the protection of his interest.
[Cited in The Grand Republic, 10 Fed. 400; The Two Marys, 10 Fed. 925.]

2. A vessel, discharged from arrest upon giving bond or stipulation, returns to her owner forever discharged from the lien which was the foundation of the proceedings against her, and the court has no power to order her rearrest.
[Distinguished in The Favorite, Case No. 4,-698. Cited in The William F. M'Rae, 23 Fed. 558.]

3. It seems where the sureties become insolvent, the court may require the claimant to furnish new sureties, on penalty of contempt, or of being denied the right to appear further and contest the suit.

Motion to vacate order remanding vessel to the custody of the marshal. In this case the propeller was arrested November 10, 1868, and bonded on the same day by John Hutchings, claimant, with two sureties. December 18, 1868, Hutchings mortgaged the propeller to Eber B. Ward, who intervened pendente lite, setting up his mortgage as the basis of his right to intervene. July 5, 1869, an order was entered, remanding the propeller to the custody of the marshal, on the ex parte application of libellants, on the ground that the sureties had become insolvent since the bond was given. Ward now moved to vacate the order so remanding the propeller, on the ground that the court had no jurisdiction over the vessel after she was so bonded, and therefore had no power to make the order.

H. B. Brown, for motion.
W. A. Moore, contra.

LONGYEAR, District Judge. It is contended, on behalf of libellants, that Ward has no standing in court, he being a mortgagee merely, and not the owner or an agent, consignee or bailee for the owner, as required by rule twenty-six. Rule twenty-six has been considerably altered and enlarged, if not entirely superseded by the act of March 3, 1847 (9 Stat. 181). But the rule and the act relate exclusively to the conditions to be complied with to entitle a claimant to avoid an arrest of the property, or to obtain its discharge after it shall have been arrested, and not to conditions necessary to entitle a party to intervene pendente lite, to participate in the distribution of proceeds, or to protect any interest he may have in the subject-matter of the litigation. The right of a party to intervene for these purposes

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and by Benjamin Vaughan Abbott, Esq., and here compiled and reprinted by permission.]

has been recognized, both in England and in this country, as extending to judgment creditors who have acquired a lien, and also to attaching creditors. See 1 Conk. Adm. 55, 66–70, citing The Flora, 1 Hagg. Adm. 298, 303; The Rebecca [Case No. 11,619]; The Mary Anne [Id. 9,195]. This being so, what reason can there be why a mortgagee should not be admitted to intervene for protection of his own interest, and contest a forfeiture so far as his right or interest would be prejudiced by the decree? I can see none. I am therefore clearly of the opinion that Ward is properly admitted to intervene as mortgagee, and consequently that he has a right to make this motion, and to be heard upon it.

The next and remaining question is as to the validity of the order remanding the vessel. I shall not stop to argue the question. It seems to be too well settled, both in this country and in England, to need further elucidation, that the vessel, on being discharged from arrest upon the giving of the bond or stipulation, returns into the hands of her owner, discharged from the lien or incumbrance which constituted the foundation of the proceedings against her, forever and for all purposes whatsoever, the surety taken being a substitute for the vessel, and the court has no power or jurisdiction over her thereafter in the same suit or for the same cause. The Union [Case No. 14,346]; The White Squall [Id. 17,570]; The Kalamazoo, 9 Eng. Law & Eq. 557, 560; 15 Law Rep. 563.

No question of fraud, mistake or improvidence in entering into the bond, or discharging the vessel, arises in the case, and therefore need not be considered. The only remedy that seems to be provided in a case where the sureties shall become insolvent is an application to the court for an order requiring new sureties to be given. Disobedience to such order would put the party in contempt, and he could be proceeded against accordingly, and be denied the right further to appear and contest the suit until he complied with the order, or otherwise purged his contempt. Adm. rule 6; Ben. Adm. § 492; 2 Conk. Adm. 112.

I am therefore of opinion that the court had no power to make the order remanding the vessel into the custody of the marshal. Motion granted.